UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-8584 |
| OFFICER KARL KRUGER, | ) |
| OFFICER MICHAEL CHERNIK, | ) |
| OFFICER JORGE CERDA, | ) Judge John W. Darrah |
| OFFICER CORY PETRACCO, | ) |
| OFFICER PAUL PERAINO, | ) |
| UNITED STATES OF AMERICA, | ) |
| and CITY OF CHICAGO, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Harris filed a Third Amended Complaint ("TAC"), alleging various claims against the United States of America (the "Government"); the City of Chicago (the "City"); and Chicago Police Officers: Karl Kruger, Michael Chernik, Jorge Cerda, Cory Petracco, and Paul Peraino (collectively, "Defendant Officers"). The Government has moved to dismiss all claims against it, with the exception of Harris' malicious prosecution claim. The City and Defendant Officers have moved to dismiss all claims against them.

## BACKGROUND

For purposes of a motion to dismiss, the following allegations within Harris's TAC are accepted as true. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 761-62 (7th Cir. 2010.) Harris is an Illinois resident. (TAC ¶ 9.) At all times relevant to this action, Kruger, Chernik, Cerda, Petracco, and Peraino were police officers employed by the City. (TAC ¶ 10.)
On October 30, 2009, Agent Larissa Baccus of the Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATF") initiated an undercover drug purchase. (TAC ¶ 13.) The purchase was part of a larger undercover operation, including ATF agents and officers from the Illinois State Police and Chicago Police Department. (TAC ¶ 14.) The ATF claimed to have captured audio and video evidence showing Harris was the individual who sold the drugs to Baccus on October 30, 2009. (TAC ¶ 15.) However, the audio and video demonstrate that Harris was not involved with the transaction. (TAC ¶ 20.)

On October 27, 2010, Harris was charged with two counts of delivery of a controlled substance based on Baccus's October 30, 2009 drug purchase. (TAC ¶ 22.) Both of the charges were dismissed, but Harris was detained for approximately thirteen months, pending resolution of the charges. (TAC ¶ 29.) On October 25, 2012, Harris filed an administrative claim with the ATF, pursuant to the Federal Tort Claims Act ("FTCA"). (TAC ¶ 31.) The Defendant Officers were made aware of Harris's administrative claim. (TAC ¶ 32.)

On January 31, 2013, Harris was at a friend's house when he was arrested by the Defendant Officers. (TAC ¶ 31.) At least one of the Defendant Officers transported Harris to a police station, where he was placed in a holding room for approximately five hours. (TAC ¶¶ 34-35.) Harris was never questioned or charged with a crime. (TAC ¶ 36.) When he inquired why he was detained, one or more of the Defendant Officers told Harris that a gun and narcotics were found in his friend's home. (Id.) However, the Defendant Officers never found a gun or narcotics at Harris's friend's home. (TAC ¶ 37.)

On March 8, 2013, Harris again was arrested by one or more of the Defendant Officers at the same friend's home. (TAC ¶ 38.) Despite lacking a warrant to search the home, one or more Defendant Officers used a shotgun to gain entry and then used flash grenades. (TAC ¶¶ 38-39.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

Harris asserts claims against the Government pursuant to the FTCA and against the City and Defendant Officers pursuant to 42 U.S.C. § 1983. (TAC ¶ 42.) As stated above, the Government has filed its own Motion to Dismiss (the "Government's Motion"), distinct from the Motion to Dismiss filed by the City and Defendant Officers (the "Chicago Motion"). Therefore, the sufficiency of the TAC must be tested by each Motion separately.

*The Government's Motion*

Which of Harris's claims pertain to the Government is uncertain. Harris states with

"absolute certainty" in his Response that the only claims applicable to the Government are ¶¶ 41, 42, 45, 46, 56, 58, 60, 62, and 65, but states in his response to the Chicago Motion that the claims in ¶¶ 43, 44, 47, and 51 are also directed at the Government. (Dkt. No. 100 ¶ 3; Dkt. No. 104 at 8.) To the extent that Plaintiff intends to assert claims against the Government in ¶¶ 43, 44, 47, and 51, they will be addressed here.

Constitutional tort claims are not cognizable under the FTCA. *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 477 (1994); (Dkt. No. 89 at 2.) The prior order in this case dismissed with prejudice all constitutional claims against the Government; yet, they have been realleged in the TAC. (Dkt. No. 95 at 4.) Those claims — 43 ("deprived [Harris] of his constitutional rights"), 44 ("failure to intervene to prevent the violation of Plaintiff's constitutional rights"), 47 (false arrest), and 51 ("arrested and imprisoned . . . [without] probable cause for doing so") — are dismissed again. Harris' claim in paragraph 46 ("Defendants accused Plaintiff of criminal activity knowing that those accusations were without probable cause or legal justification.") is also dismissed to the extent that it alleges libel, slander, or any constitutional tort, given that it is nearly identical to paragraph 43 of the Second Amended Complaint, which was previously dismissed with prejudice to that extent. (*Id.*)

The Government argues that any claims against "ATF Defendants" in paragraphs 56, 58, 60, and 62 should be dismissed because Plaintiff does not identify the individual "ATF Defendants" that are liable. (Dkt. No. 98 ¶ 5.) It contends that if the "ATF Defendants" are those individuals listed in paragraph 65, then the claims should be dismissed because Harris admitted that claims against them were untimely. (*Id.*) Harris only conceded, however, that his *Bivens* claims against the ATF Defendants were untimely. (Dkt. No. 76 at 1.) The Government

argues alternatively that the TAC presents no claims that the "United States engaged in any wrongdoing against Harris," but rather only the ATF Defendants are responsible. (Dkt. No. 105 ¶ 3.) Harris correctly notes, however, that the ATF is an agency of the United States of America. (TAC ¶ 65.) While it is true that the only proper defendant in an FTCA action is the United States, Harris may allege a narrower group of federal employees committed torts so long as they are not individual co-defendants with the United States. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Therefore, the Government's motion to dismiss paragraph 56 for intentional infliction of emotional distress is denied.

Finally, the Government argues that the claims in paragraphs 58 and 60 must be dismissed as they allege negligent infliction of emotional distress ("NIED") without alleging "contemporaneous physical impact or injury," which Illinois law requires. (Dkt. No. 98 ¶ 6 (citing *Barnes v. Anyanwu*, 391 F. App'x 549 (7th Cir. 2010)).) This Court dismissed Plaintiff's NIED claim without prejudice for that reason, and the TAC corrects this deficiency by claiming that Harris was wrongfully detained in Cook County Jail. (Dkt. No. 95 at 5-6; TAC ¶ 58.) Incarceration, along with all the physical impact necessary to incarcerate someone, is sufficient to meet the pleading requirements for NIED. Therefore, the Government's motion to dismiss these claims is denied.

*The Chicago Motion*

The City and Defendant Officers (collectively, "Chicago Defendants") move to dismiss all or part of the TAC on two different grounds: (1) that Harris's claims relating to his 2013 arrests are not properly before the Court and (2) that the TAC fails to sufficiently state a claim against the City or Defendant Officers.

As a preliminary matter, Chicago Defendants argue that Harris re-alleges state law claims that were dismissed with prejudice in the prior opinion: ¶ 49, alleging excessive force; ¶ 52, alleging battery; ¶ 55, alleging a claim under the Illinois Constitution; ¶ 57, alleging IIED; ¶ 59, alleging NIED; and ¶¶ 61 and 63, alleging other negligent acts via breach of duty of care and proximate causation. However, Harris states that paragraphs 49, 52, 57, 59, 61, and 63 also allege Section 1983 claims and not state law claims. (Dkt. No. 104 at 4.) Paragraphs 52, 55, 57, 59, 61, and 63 do not properly allege Section 1983 claims and re-allege state law claims previously dismissed with prejudice. These paragraphs are again dismissed with prejudice.

Chicago Defendants also argue that Plaintiff's Section 1983 claims, particularly in paragraph 48, were brought after the statute of limitations expired and are time-barred. Claims arising under § 1983 are subject to the same statute of limitations for personal injury actions of the state in which the alleged constitutional violations occurred. *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) (citing *Anderson v. Romero*, 42 F.3d 1121, 1124 (7th Cir. 1994)). In Illinois, the applicable statute of limitations is two years. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). A Section 1983 claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. *Behavioral Institute v. Hobart Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). For Harris, that date is January 31, 2013, the date the alleged conduct occurred. Harris first raised Section 1983 claims based on the 2013 alleged conduct in his Second Amended Complaint, filed on August 21, 2014 (Dkt. No. 83). Therefore, Harris' Section 1983 claims relating to the 2013 allegations are timely.

<u>Failure to State a Claim</u>

Chicago Defendants also argue that paragraphs 43 through 49, 51, 53, and 54 fail to state

6

a claim upon which relief can be granted. They contend that Harris's use of the word "Defendants" is imprecise and leaves them to guess whether those claims pertain to them or the Government Defendants. (Dkt. No. 99 at 7.) An allegation directed at multiple defendants referring to them collectively as "Defendants" can be adequate to plead personal involvement. *See Brooks v. Ross,* 578 F.3d 574, 582 (7th Cir. 2009). "Group pleading" is acceptable in this case because the officers have been effectively put on notice of the general claims against them. *See Varvaris v. Delia*, No. 96 C 1904, 1996 WL 521287, at *2 (N.D. Ill. Sept. 11, 1996) ("Although Varvaris does not currently possess enough information to make specific allegations against each officer, the complaint effectively puts the officers on notice of the general claims against them and the circumstances from which the claims arise"); *Hyung Seok Koh v. Graf*, No. 11-CV-02605, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013) ("Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer"). To the extent that these claims refer to Chicago Defendants, use of the word "Defendants" provides sufficient notice and is not grounds for dismissal.

Chicago Defendants argue that the unlawful search claims alleged in paragraph 48 are insufficiently pled because the language Plaintiff uses to describe the conduct it is based on is insufficient to place Chicago Defendants on notice. Specifically, Plaintiff alleges he was unlawfully arrested and detained by "one or more of the Defendant CPD Officers," language that the prior order noted was insufficient to provide notice to Chicago Defendants because it leaves open the possibility that it applies to any number of defendants. However, while the description of the alleged conduct uses this language, the related claim refers to the "CPD Defendants." This

7

description is sufficient to put all CPD Defendants on notice, and is sufficiently pled. Harris also alleges excessive force in paragraph 49 but provides no factual basis for these claims. Indeed, he concedes in his response that he has no excessive force claims against the CPD Defendants. (Dkt. No. 104 at 10.) The claim in paragraph 49 is dismissed with prejudice.

The Chicago Defendants also seek to dismiss the conspiracy claims in paragraphs 53 and 54, arguing that Harris's complaints amount "to mere labels and conclusions and a formulaic recitation of the elements of the claim." (Dkt. No. 99 at 10.) "Although conspiracy claims under § 1983 are not subject to a heightened pleading standard, a bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim." *Senalan v. Curran*, No. 13 C 05161, 2015 WL 434873, at *6 (N.D. Ill. Feb. 2, 2015) (quoting *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009)) (internal quotation marks omitted). Harris must, at a minimum, identify the parties to the conspiracy, the purpose of the conspiracy, and the approximate date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Harris has met this standard. He provided the parties (Defendant Officers) the purpose of the conspiracy (to have Harris drop his claim against the ATF) and the approximate date of the conspiracy (between the filing of the administrative claim and the 2013 incidents). (TAC ¶¶ 53-54.) Harris' allegations are not threadbare recitals of the elements of conspiracy, either. He alleges that he was unlawfully arrested twice at a friend's house by the same group of officers listed here as the Chicago Defendants, suggesting that this was not a one-time occurrence. (TAC ¶¶ 31-40.) He also alleges that they taunted him about his pending claim against the ATF at least once. (*Id.* ¶ 40.) These allegations are facially plausible and meet the minimal burden required at this stage.

8

Finally, the Chicago Defendants argue that Harris's claims against the City merely state legal conclusions. A local government may be held liable when the injuries alleged are not caused "solely by its employees or agents," but in the execution of the government's "policy or custom." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). To successfully allege a claim against the City, Harris must "plead factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice" that resulted in his injuries. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir.2011) (internal quotation marks and citations omitted). The plaintiff must show that the policy, custom, or practice was "(1) an express municipal policy; (2) a widespread practice constituting custom or usage; or (3) a constitutional injury caused or ratified by a person with final policymaking authority." *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009).

This prior order found that while "Harris had pled many of [the elements] required of a *Monell* claim," he had pled no facts. (Dkt. No. 95 at 10.) Nor had he alleged what the City's policy or practice was, only that the policy resulted in the alleged misconduct. *Id.* The TAC fails to remedy these defects. His Third Amended Complaint still fails to state what the policy in question was. Paragraph 64 includes descriptions of the Defendant Officers' alleged misconduct, but does not plead any facts indicating that this was a widespread practice or that someone with final policymaking authority ratified it. Harris clarifies in his Response brief that "Defendant City of Chicago has a custom, policy, or practice whereby CPD officers engage in threatening, harassing, and/or otherwise unconstitutional conduct in order to intimidate plaintiffs . . . into dropping their allegations." (Dkt. No. 104 at 7.) Harris's allegations against the officers are sufficient to state a claim for conspiracy against the Defendant Officers, but there are no facts

9

indicating that this conspiracy extended beyond them. Harris's allegations are speculative and do not allow the Court to draw the reasonable inference that such a policy existed. Accordingly, Harris has not sufficiently pled a *Monell* claim.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss [98] is granted in part and denied in part. Claims 43, 44, 46 (to the extent it alleges libel or slander), 47, and 51 are dismissed with prejudice. The Chicago Defendants' Motion to Dismiss [99] is granted with prejudice as to claims 49, 52, 55, 57, 59, 61, and 63.

Date: __August 19, 2015__             _____
JOHN W. DARRAH
United States District Court Judge